UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DR. OCHEOWELLE OKEKE** | * | **CIVIL ACTION NO. 2:20-CV-00450** |
| | * | |
| **VERSUS** | * | **JUDGE SUSIE MORGAN** |
| | * | |
| **ADMINISTRATORS OF THE TULANE** | * | **MAGISTRATE JUDGE** |
| **EDUCATIONAL FUND AND** | * | **KAREN WELLS ROBY** |
| **DR. JEFFREY WIESE** | * | |

## ANSWER OF THE ADMINISTRATORS OF THE TULANE EDUCATIONAL FUND TO AMENDED COMPLAINT

**NOW INTO COURT** through undersigned counsel, comes, Defendant, The Administrators of the Tulane Educational Fund (hereinafter "Tulane"), who, in response to the Amended Complaint of Dr. Ocheowelle Okeke (R. Doc. 30), respectfully avers as follows:

1.

The allegations of Paragraph 1 of the Amended Complaint do not appear to require an answer but Tulane denies any liability under the referenced statutes.

2.

For answer to the allegations of Paragraph 2 of the Amended Complaint, Tulane avers that it does not contest jurisdiction and denies any liability under the referenced statutes.

3.

The allegations of Paragraph 3 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

1

3950527-1

4.

The allegations of Paragraph 4 of the Amended Complaint are denied as written, except to admit that The Administrators of the Tulane Educational Fund conducts business in the city of New Orleans and can be served through its registered agent for service of process.

5.

The allegations of Paragraph 5 of the Amended Complaint are admitted.

6.

The allegations of Paragraph 6 of the Amended Complaint are legal conclusions requiring no response from Tulane, but are denied out of an abundance of caution.

7.

The allegations of Paragraph 7 of the Amended Complaint are legal conclusions requiring no response from Tulane, but are denied out of an abundance of caution.

8.

For answer to Paragraph 8 of the Amended Complaint, Tulane does not contest venue but denies liability for the events alleged by Plaintiff in her Complaint and Amended Complaint.

9.

For answer to Paragraph 9 of the Amended Complaint, Tulane admits that the EEOC issued a Notice of Right to Sue on November 6, 2019.  Tulane denies that Plaintiff received the Notice of Right to Sue on November 11, 2019 for lack of information sufficient to justify a belief therein.  The remaining allegations of Paragraph 9 of the Amended Complaint are legal conclusions requiring no response from Tulane.

10.

In response to Paragraph 10 of the Amended Complaint, Tulane incorporates its answers to Paragraphs 1-9 as if set forth herein *in extenso*.

11.

The allegations of Paragraph 11 of the Amended Complaint are admitted.

12.

The allegations of Paragraph 12 of the Amended Complaint are admitted.

13.

The allegations of Paragraph 13 of the Amended Complaint are admitted.

14.

The allegations of Paragraph 14 of the Amended Complaint are admitted.

15.

The allegations of Paragraph 15 of the Amended Complaint are denied for lack of information.

16.

The allegations of Paragraph 16 of the Amended Complaint are admitted.

17.

Tulane denies the allegations of Paragraph 17 of the Amended Complaint for lack of information.

18.

The allegations of Paragraph 18 of the Amended Complaint are admitted.

19.

The allegations of Paragraph 19 of the Amended Complaint are denied for lack of information.

20.

The allegations of Paragraph 20 of the Amended Complaint are denied as written.

21.

The allegations of Paragraph 21 of the Amended Complaint are denied as written. Further, the ACGME guidelines are contained in a written document which is the best evidence of its contents.

22.

The allegations of Paragraph 22 of the Amended Complaint are denied as written.

23.

The allegations of Paragraph 23 of the Amended Complaint are denied as written. Further, the ACGME guidelines are contained in a written document which is the best evidence of its contents.

24.

Tulane admits that Dr. Princess Dennar is a Black female physician, but clarifies that Dr. Dennar was the Director of the Medicine and Pediatrics Residency Program at all times relevant to this Amended Complaint, and denies any further allegations as written.

25.

The allegations of Paragraph 25 of the Amended Complaint as to Dr. Wiese's job titles are admitted; all remaining allegations are denied as written.

26.

Tulane denies the allegations of Paragraph 26 of the Amended Complaint for lack of information, except to admit that Dr. Okeke was qualified to perform and did satisfactorily perform.

27.

The allegations of Paragraph 27 of the Amended Complaint are denied.

28.

The allegations of Paragraph 28 of the Amended Complaint are admitted.

29.

The allegations of Paragraph 29 of the Amended Complaint are admitted.

30.

The allegations of Paragraph 30 of the Amended Complaint are denied as written.

31.

The allegations of Paragraph 31 of the Amended Complaint are denied.

32.

The allegations of Paragraph 32 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

33.

The allegations of Paragraph 33 of the Amended Complaint are denied.

34.

The allegations of Paragraph 34 of the Amended Complaint are denied.

35.

The allegations of Paragraph 35 of the Amended Complaint are denied.

6

36.

The allegations of Paragraph 36 of the Amended Complaint are denied.

37.

Tulane admits that Plaintiff and other Med-Peds residents submitted a written complaint to Tulane's Office of Institutional Equity. The remaining allegations contained in Paragraph 37 of the Amended Complaint are denied as written. The complaint is a written document and is the best evidence of its contents.

38.

Tulane admits that the OIE is responsible for investigating reports of discrimination, harassment, and/or retaliation at Tulane. The remaining allegations of Paragraph 38 of the Amended Complaint are denied.

39.

Tulane admits, on information and belief, that a complaint was filed with the ACGME by residents. The remaining allegations contained in Paragraph 39 of the Amended Complaint are denied as written. The complaint is likely a written document and therefore the best evidence of its contents.

40.

The allegations of Paragraph 40 of the Amended Complaint and each of its subparts are denied.

41.

The allegations of Paragraph 41 of the Amended Complaint are denied.

42.

Tulane admits that Ellen Rains, an attorney employed by Ogletree, Deakins, Nash, Smoak & Stewart, P.C., was retained to conduct an independent investigation into the complaints brought to OIE. Tulane admits that attorneys from Ogletree Deakins previously represented Tulane, denies that Ellen Rains or Ogletree Deakins were not independent investigators, and denies all other allegations of Paragraph 40 of the Amended Complaint.

43.

The allegations of Paragraph 43 of the Amended Complaint are denied for lack of information.

44.

Tulane admits that the OIE issued a final report on October 15, 2018. The remaining allegations of Paragraph 44 of the Amended Complaint are denied as written. The report is a written document and is therefore the best evidence of its contents.

45.

The allegations of Paragraph 45 of the Amended Complaint are denied as written. The ACGME determination is a written document and is therefore the best evidence of its contents.

46.

The allegations of Paragraph 46 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.

47.

Tulane admits that Dr. Dennar is a Black female but denies that she was subject to discrimination by Tulane and/or Dr. Weise. The remaining allegations of Paragraph 47 of the Amended Complaint are denied.

48.

The allegations of Paragraph 48 of the Amended Complaint are denied.

49.

The allegations of Paragraph 49 of the Amended Complaint are denied.

50.

The allegations of Paragraph 50 of the Amended Complaint are denied.

51.

The allegations of Paragraph 51 of the Amended Complaint are denied.

52.

The allegations of Paragraph 52 of the Amended Complaint are denied for lack of information sufficient to justify a belief therein.  Further, Tulane denies that its actions or inactions "forced" any delay in Plaintiff's eligibility to sit for board examinations.

53.

The allegations of Paragraph 53 of the Amended Complaint are denied.

54.

In response to Paragraph 54 of the Amended Complaint, Tulane incorporates its answers to Paragraphs 1-53 of the Amended Complaint as if set forth herein *in extenso*.

55.

The allegations of Paragraph 55 of the Amended Complaint are denied.

56.

The allegations of Paragraph 56 of the Amended Complaint are denied.

57.

The allegations of Paragraph 57 of the Amended Complaint are denied.

58.

The allegations of Paragraph 58 of the Amended Complaint are denied.

59.

The allegations of Paragraph 59 of the Amended Complaint are denied.

60.

Tulane denies that Dr. Okeke has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of enjoyment of life for lack of information sufficient to justify a belief therein. The remaining allegations of Paragraph 60 of the Amended Complaint are denied.

61.

In response to Paragraph 61 of the Amended Complaint, Tulane incorporates its answers to Paragraphs 1-60 of the Amended Complaint as if set forth herein *in extenso*.

62.

The allegations of Paragraph 62 of the Amended Complaint are denied.

63.

The allegations of Paragraph 63 of the Amended Complaint are denied.

64.

The allegations of Paragraph 64 of the Amended Complaint are denied.

65.

The allegations of Paragraph 65 of the Amended Complaint are denied.

66.

The allegations of Paragraph 66 of the Amended Complaint are denied.

67.

The allegations of Paragraph 67 of the Amended Complaint are denied.

68.

In response to Paragraph 68 of the Amended Complaint, Tulane incorporates its answers to Paragraphs 1-67 of the Amended Complaint as if set forth herein *in extenso*.

69.

Tulane admits that Plaintiff is a Black female. The remaining allegations of Paragraph 69 of the Amended Complaint contain legal conclusions which require no response from Tulane.

70.

The allegations of Paragraph 70 of the Amended Complaint are denied.

71.

The allegations of Paragraph 71 of the Amended Complaint are denied.

72.

The allegations of Paragraph 72 of the Amended Complaint are denied.

73.

The allegations of Paragraph 73 of the Amended Complaint are denied.

74.

In response to Paragraph 74 of the Amended Complaint, Tulane incorporates its answers to Paragraphs 1-73 of the Amended Complaint as if set forth herein *in extenso*.

75.

Tulane admits that Plaintiff is a Black female. The remaining allegations of Paragraph 75 of the Amended Complaint contain legal conclusions which require no response from Tulane.

76.

The allegations of Paragraph 76 of the Amended Complaint are denied.

77.

The allegations of Paragraph 77 of the Amended Complaint are denied.

78.

The allegations of Paragraph 78 of the Amended Complaint are denied.

79.

The allegations of Paragraph 79 of the Amended Complaint are denied.

80.

In response to Paragraph 80 of the Amended Complaint, Tulane incorporates its answers to Paragraphs 1-79 of the Amended Complaint as if set forth herein *in extenso*.

81.

Tulane admits that Plaintiff is a Black female. The remaining allegations of Paragraph 81 of the Amended Complaint contain legal conclusions which require no response from Tulane.

82.

For answer to the allegations of Paragraph 82 of the Amended Complaint, Tulane admits that Plaintiff applied for the program and was qualified, and denies all remaining allegations and inferences.

83.

The allegations of Paragraph 83 of the Amended Complaint are denied.

84.

The allegations of Paragraph 84 of the Amended Complaint are denied.

85.

The allegations of Paragraph 85 of the Amended Complaint contain a jury demand which requires no response from Tulane.

86.

In response to Paragraph 86 of the Amended Complaint, Tulane incorporates its answers to Paragraphs 1-85 of the Amended Complaint as if set forth herein *in extenso*.

87.

The allegations of Paragraph 87 of the Amended Complaint are denied. Tulane specifically denies that Plaintiff is entitled to any relief whatsoever.

**AND NOW**, further answering, Tulane avers as follows:

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

All or, alternatively, some of Plaintiff's claims may be prescribed under the applicable limitations periods, as will be further shown during discovery in this case.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has been treated at all times in accordance with lawful, published uniform policies, procedures, rules and practices, as are all Tulane employees, regardless of their protected status. All employment decisions with respect to Plaintiff were made in good faith and with good cause, and Plaintiff was treated the same as any other similarly-situated employee. Tulane has not engaged in any acts, practices, policies, customs, or usages which have unlawfully denied, abridged, withheld, conditioned, limited, segregated, classified or otherwise interfered with

the rights of Plaintiff. The challenged actions were justified by legitimate, non-discriminatory, non-retaliatory reasons.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate, or reasonably attempt to mitigate, her damages, if any she has.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any she has, were caused by her own comparative fault, negligence or intentional acts, or the negligence or intentional acts of others, for which Defendant is not liable.

## SIXTH AFFIRMATIVE DEFENSE

The exclusive remedy for Plaintiff's alleged physical and emotional maladies is the Louisiana Workers Compensation Act, Louisiana Revised Statute 23:1021 *et seq*.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because, at all times material herein, Tulane had in place well promulgated policies prohibiting inappropriate, unprofessional conduct, harassment, discrimination and retaliation, and took appropriate, prompt, effective remedial action in response to Plaintiff's complaints.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to liquidated damages because any alleged acts or omissions of any Defendant were undertaken or made in good faith, and upon reasonable grounds for believing that the act(s) or omission(s) did not violate the law.

### NINTH AFFIRMATIVE DEFENSE

Tulane is entitled to reasonable attorneys' fees and costs incurred in defending against Plaintiff's frivolous claims.

**WHEREFORE**, The Administrators of the Tulane Educational Fund prays that its Answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in its favor and against Plaintiff, dismissing Plaintiff's claims with prejudice and at her cost. Defendant further prays to be awarded reasonable attorney's fees and costs given the frivolous nature of Plaintiff's claims.

Respectfully Submitted:

By: */s/ Julie D. Livaudais*
Julie D. Livaudais, T.A. (La. Bar No. 1183)
Rosalie M. Haug (La. Bar No. 37720)
    -of-
CHAFFE McCALL, LLP
1100 Poydras Street
2300 Energy Centre
New Orleans, LA  70163-2300
Telephone:  (504) 585-7000
Facsimile: (504) 544-6054
Email:    livaudais@chaffe.com
          haug@chaffe.com

*Attorneys for Defendant, The Administrators of the Tulane Educational Fund*